### GRIFFIN KELLY *v.* BERRY ELLIS.

**Pleading—Money Paid on Judgment and Costs—Particularity of Allegation.**

   In a suit to recover the amount of a judgment and costs which plaintiff was justly compelled to pay, he should allege in his petition a sum certain as to the amount of the costs he was compelled to pay, a statement of a lump sum not being sufficient to authorize a judgment.

APPEAL FROM HENRY CIRCUIT COURT.

September 17, 1873.

OPINION BY JUDGE PETERS:

Appellee, in his petition, after stating the precise amount of the original debt when replevied, and giving a history of the suit in equity enjoining that debt, the dissolution of his injunction, and the dismissal of his suit, and the fatal result of his appeal to this court, says an agreement was affected between plaintiff and defendant, whereby plaintiff was to pay defendant one-fourth of said debt, all the costs of which had been expended in the prosecution of the injunction suit, the cost of the original suit, and those that had accrued in the court of appeals, and he, the plaintiff, to be forever exonerated from any further liability to defendant on account of said note; the plaintiff further says that in this agreement which he was forced to make with the defendant Kelly he was compelled to pay him to be released from a debt which he never owed, and which defendant knew he never owed, the sum of $——, covering his one-fourth of the debt, and the costs he had expended in the prosecution of the suits above named. He then gives an account of the way he ascer-

tained that he was not bound for any part of the original debt, and concludes with a prayer in these words: The plaintiff asks for "a judgment against him for an amount sufficient to cover one-fourth part of said debt with all the costs and charges that have arisen thereon, amounting in all to the sum of $850, on which he asks interest from the date of the judgment to the repayment thereof to him and for all other proper relief."

There is no direct averment in the petition of the amount of costs appellee paid in prosecuting the suit in equity, or of what he incurred in prosecuting the appeal to this court. If appellee had filled the blank in the sentence in which he says he was compelled to pay to defendant $—— to be released from a debt he never owed, etc., that might perhaps have been regarded as an averment of an indebtedness to the amount stated; but that would have been extending a very liberal construction to the language, but a claim in the prayer of a named sum being due when the items constituting the indebtedness with the amount of each is not set forth in any part of the petition will not authorize a judgment for such sum. Appellee should have stated a sum certain as to the amount of costs he was compelled to pay in the court below and in this court if he sought a judgment therefor.

As to the damages on the dissolution of his injunction he states the sum he paid in direct terms, and as to the one-fourth of the debt which he paid he gives the data from which the true amount can be ascertained, having incorporated the replevin bond with his petition, the one-fourth of which, with the interest thereon at the rate of six per cent. per annum till paid from the 1st day of July, 1859, and for the $140, the damages adjudged on the dissolution of the injunction with interest thereon from the 6th of September, 1860, till paid, are the sums for which judgment should be rendered and the costs incurred by appellee, to be credited by any payments made by appellant, at the date of such payment, or, to be more explicit, judgment should be rendered in favor of appellee against appellant for $344.20, being the one-fourth of $1,376.80, with interest at the rate of six per cent. per annum from the 1st of July, 1859, till paid; for $140 with interest at the rate of 6 per cent. per annum from the 6th of September, 1860, till paid, and the costs of the suit, to be credited by any payments made at the date of such payments.

As the judgment complained of is for more than the two sums named and the accruing interest will amount to, it must therefore

be reversed and the cause remanded with directions to render judgment as herein directed.

*Rodman, DeHaven, Carroll, for appellant.*

*Drane, for appellee.*